## GEORGE GOETTING, APPELLANT, *v.* MATHIAS BIEHLER AND OTHERS, RESPONDENTS.

*Requests for findings of fact and conclusions of law — the court must pass upon each of them — it cannot reject them as unnecessary — Code of Civil Procedure, sec. 1023.*

Where, before the decision of an action on trial before a court without a jury, requests for findings of facts and conclusions of law are submitted to the court, the court cannot refuse to find any of them because they are considered to be unnecessary. It must, at or before the time when the decision is rendered, note, in the margin of the statement submitted, the manner in which each proposition has been disposed of, and either file or return to the attorney submitting it the statement so made.

APPEAL from a judgment in favor of the defendant, recovered on a trial at Special Term.

*Hyland & Zabriskie,* for the appellant.

*D. S. Riddle,* for the respondents.

DANIELS, J.:

Before the decision of this action by the court before which the trial took place, findings of fact and law were presented and submitted to the court, and the court refused to find either of them because they were considered unnecessary. That was not the disposition of them which, in any possible view, the court was authorized to make. For by section 1023 of the Code of Civil Procedure it has been provided and directed that the court shall, at or before the time when the decision is rendered, note in the margin of the statement, the manner in which each proposition has been disposed of, and must either file or return to the attorney the statement so noted. This provision is mandatory in its language, and no authority has been given to disregard it when the propositions may be considered not to be either important or material. The party is entitled to have each proposition of fact or law acted upon and noted. And it is only after that has been done that the materiality of either is to be regularly considered. This is the clear intention and effect of this part of the Code, and it has been so regarded in *James* v. *Cowing* (82 N. Y., 449). Until that shall

be done this appeal is not in a condition to be heard. A practice somewhat similar existed before this section went into effect. And when it was not followed it was considered to be proper to send the case back to have the propositions submitted passed upon and noted. (*Bigler* v. *Pinkney*, 80 N. Y., 636.) The decision of the points presented by the appeal should be suspended until these propositions shall be considered and separately noted, and to have that done, they should for that purpose be returned to and disposed of by the learned justice before whom the trial took place.

DAVIS, P. J., and BRADY, J., concurred.

Decision suspended; case referred to trial judge as directed in opinion.